384 A.2d 965

**COMMONWEALTH of Pennsylvania**

v.

**Richard Lee BARNETT, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided April 13, 1978.

40

James M. Schall, Public Defender, McConnellsburg, for appellant.

G. D. Wilt, District Attorney, McConnellsburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant was convicted by a jury of two counts of simple assault, one count of resisting arrest and one count of operating a motor vehicle while under the influence of intoxicants. Post-verdict motions were denied and this appeal followed.

On July 3, 1975 about 10:00 P.M., Officers Frank Killinger and Glenn Moffat of the McConnellsburg Police Department, observed the appellant operating a vehicle erratically. After following appellant's vehicle for a short distance, the two officers stopped appellant and requested him to walk over to their police cruiser. They noticed he staggered and stammered and smelled of alcohol, and they observed other manifestations of being under the influence of intoxicants. They then placed appellant in their police cruiser and proceeded to the police station. In route to their destination, appellant struck Officer Killinger and fled from the police cruiser which had been brought to a stop after Officer Killinger had been hit. Outside the car, appellant struggled with the officers and there struck Officer Moffat. Thereafter, appellant was subdued and placed back in the police cruiser, without handcuffs, and taken to the state police barracks in McConnellsburg where he was given *Miranda* warnings and requested to take a breathalizer test, which he refused.

The officers tried to locate a district justice of the peace in order to hold a preliminary arraignment, but apparently due to the lateness of the hour and the approach of the 4th of July holiday, they were not able to arrange a preliminary arraignment. They then placed appellant in the Fulton County jail, until July 5 when they removed him for arraignment before the district magistrate in Warfordsburg, Pa., on the assault charges and resisting arrest. On July 8, 1975, the drunken driving charge was filed against appellant before a justice of the peace in McConnellsburg, Pa. On this same date, July 8, 1975, appellant applied for the appointment of counsel. Counsel was appointed for appellant on July 15, 1975. On July 23 and 29, 1975, preliminary hearings before the respective magistrates were conducted. The charges were referred to court and separate indictments were found (however, the cases were consolidated for trial). Prior to the return of the indictments, appellant filed a motion to quash the complaint and transcript, raising the following three procedural issues, which along with his claim of insufficiency of the evidence, were made the subject of the instant appeal.

First, appellant complains of a violation of Rule 131(b) of the Pa. Rules of Criminal Procedure. Pa.R.Crim.P. 131(b) provides, "when more than one offense is alleged to have been committed by one person arising from the same incident, the *issuing authority* shall accept only one complaint, and shall docket the matter as a single case." (Emphasis added.) Appellant concedes that neither magistrate violated Rule 131(b) in that neither magistrate was aware of the charges having been filed before another magistrate and, therefore, could not have been held responsible for failure to docket the matters as a single case. Nevertheless, the appellant argues that since the prosecuting officers were aware of all the charges at the time they filed the first complaint, they should have included all offenses in that single complaint, citing *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973). Appellant argues that the rationale of *Campana*, which forbids subjecting a defendant to a

multitude of trials, also extends to preventing multiple preliminary hearings.

We hold that the trial judge was not in error in denying appellant's alleged violation of Rule 131(b). This rule is limited and specifically aimed at preventing misconduct by "issuing authorities," making no reference whatsoever to police conduct. It is conceded that neither magistrate knew of the charges filed before the other and, accordingly, both filings were proper. Neither magistrate violated Rule 131(b) because neither of them had an opportunity to consolidate the offenses into a single case. Moreover, the case of *Commonwealth v. Campana*, supra, holds only that all charges resulting from a single criminal episode must be consolidated at *one trial*. Furthermore, in *Commonwealth v. Smith*, 232 Pa.Super. 546, 549, 334 A.2d 741 (1975), this court construed *Campana* to bar only successive trials, not successive preliminary proceedings. It is obvious that there was no breach of *Campana* in this case since all of the charges against appellant were consolidated for trial, so that the violation, if any, of Pa.R.Crim.P. 131(b) was not prejudicial to appellant.

Next appellant contends that Pa.R.Crim.P. 140(f) was violated. This rule provides that "the issuing authority shall: (1) Fix a day and hour for a preliminary hearing which shall not be less than three nor more than ten days after preliminary arraignment *unless extended for cause shown . . . .*" (Emphasis added.) Specifically appellant complains because the preliminary hearings were delayed beyond the ten-day period as stated in Rule 140(f). Instead of being held ten days after the preliminary arraignments, preliminary hearings were in fact held eight days beyond that period on the first complaint and eleven days beyond the ten-day period on the second complaint.

Appellant's objection to this delay is without merit. Pa.R. Crim.P. 140(a)(1) gives a defendant the right to have counsel appointed to represent him prior to the preliminary hearing. Pursuant thereto, appellant made an application for the appointment of counsel on July 8, 1975. Due to the fact

that the 39th judicial district is a two-county district having both the judges and the court administrator located in Chambersburg, Franklin County, Pennsylvania, it was necessary to send appellant's application for appointment of counsel to Chambersburg. The lapse of one week between the application and the appointment of counsel was certainly not excessive under these circumstances. (Appellant's preliminary hearing on the first complaint was held on July 23 and on the second complaint on July 29.) The purpose of the delay, providing counsel for appellant at the preliminary hearings, was sufficient cause to postpone the preliminary hearings beyond the ten-day period. As such, the extensions of time were clearly for "cause shown" as provided for in Rule 140(f).

In his last procedural point, appellant alleges a violation of Rule 130 of the Pa.R.Crim.P. Rule 130 provides that an arrested defendant must be taken without unnecessary delay before the proper issuing authority where a complaint shall be filed against him and he shall be given an immediate preliminary arraignment. In the instant case, appellant was arrested on July 3, 1975. He was not arraigned until July 5 on the assault and resisting arrest charges, and was arraigned on July 8 concerning drunken driving. However, even if we were to determine that these delays were unnecessary, appellant's remedy would be to suppress any evidence obtained thereby. *Commonwealth v. Williams*, 455 Pa. 569, 319 A.2d 419 (1974). No such evidence was obtained during these delays in the instant case. Therefore, even if the delays were unnecessary, they were harmless. See *Commonwealth v. Blagman*, 458 Pa. 431, 326 A.2d 296 (1974).

In his last issue appellant contends that the evidence was insufficient to sustain the verdict of the jury as to the charges of assault and resisting arrest. Specifically, appellant points out that Section 2701(a)(3) of the Crimes Code requires that to establish an assault the defendant must have attempted by physical menace to put the victim "in fear of imminent serious bodily injury" and Section 5104 of the Crimes Code requiring that the defendant while acting

with the intent to resist arrest did create a "substantial risk of bodily injury" to the police officers. Appellant argues that the officers were not placed in fear of any risk of bodily injury due to the admitted fact through their own testimony that they decided not to place appellant in handcuffs as they continued on the way to the police station, after the scuffle. Appellant insists that the officers' failure to handcuff him after the scuffle indicated that in the minds of the officers there was no "fear" or "risk of bodily injury." However, what is controlling is the determination of the jury. See *Commonwealth v. Neal*, 447 Pa. 452, 290 A.2d 922 (1972). As stated by the trial judge in his opinion submitted to this court "it must be remembered that the frame of time with which the jury is concerned is the time of the attacks. That the officers might have been able to 'settle' the defendant and thereafter consider it safe to transport him without handcuffs would not affect the sufficiency of the evidence. *Commonwealth v. McGlory*, 226 Pa.Super. 493, 313 A.2d 326 (1973)."

Moreover, simple assault, as defined under Section 2701 of the Crimes Code, only requires the Commonwealth to establish that the defendant "*attempts* to cause . . . bodily injury to another", or "*attempts* by physical menace to put another in fear of imminent serious bodily injury." Certainly the actual infliction of bodily injury on Officer Moffat and the physical menacing of Sergeant Killinger would provide a sufficient basis in fact for the jury to find that appellant at least *attempted* a simple assault upon both officers.

Judgment affirmed.

JACOBS, President Judge, and SPAETH, J., concur in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.