408 A.2d 488

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph DIAMOND, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Aug. 3, 1979.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, SPAETH and WATKINS, JJ.

SPAETH, Judge:

Appellant was tried in municipal court before Judge KREMER and was found guilty of simple assault. He was sentenced to two years probation. On writ of certiorari Judge MIRARCHI sustained the judgment of sentence. This appeal followed.

The Commonwealth's witnesses testified as follows: On February 9, 1977, at approximately 4:00 a. m., Officer Daniel Hinds of the Philadelphia police was driving home from an evening of pinochle. He was off-duty and in his own car. He saw two men in the street, inside the line of parked cars, running in the direction in which he was driving. Hinds swerved to the left to avoid hitting them. Shortly afterwards he stopped for a red light. Appellant, one of the men

who had been running in the street, ran up to the passenger door of the officer's car, and put his hand on the door handle. (The doors of the car were locked.) At that moment, appellant's co-defendant, Thomas Boyle (the second man Hinds had passed), came up to the driver's window and, using obscenities, demanded that Hinds get out of the car because "you tried to run me over." Boyle pulled a knife out of his pocket and brandished it. He repeated his demand that Hinds get out. Hinds got out, with his service revolver drawn. Seeing the gun, Boyle ran off. Appellant also started to run, but Hinds shouted, "Police, freeze." Appellant halted and was arrested, with the help of policemen in a marked car who had come onto the scene. Boyle returned shortly thereafter and was also arrested.

■ The question on appeal is whether there was sufficient evidence to sustain a conviction for simple assault. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 2701. In deciding the sufficiency of evidence, we must first accept as true all the evidence upon which the trier of fact could properly have based the verdict, and then ask whether that evidence, with all reasonable inferences from it, was sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Williams*, 468 Pa. 357, 365, 362 A.2d 244, 248 (1976); *Commonwealth v. Madison*, 263 Pa.Super. 206, 397 A.2d 818 (1979). However, guilt must be proved and not conjectured. *Commonwealth v. Wilson*, 225 Pa.Super. 513, 312 A.2d 430 (1973).

Simple assault is defined as follows:

(a) Offense defined.—A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

* * * * * * .

(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

18 Pa.C.S.A. § 2701.

Judge MIRARCHI, who wrote the opinion for this appeal, found the evidence sufficient under both subsections (1) and (3).

■ It is arguable that the evidence was insufficient to prove beyond a reasonable doubt that appellant (as distinguished from Boyle) intended to injure Hinds, and that therefore an assault was not proved under subsection (1). We need not decide this issue, however, for there was sufficient evidence presented to sustain a conviction under subsection (3). Judge KREMER could reasonably find that by approaching Hinds' car at 4:00 a. m. and gripping the door handle, appellant "attempt[ed] by physical menace to put [Hinds] in fear." Whether in fact Hinds was put in fear (since the doors were locked and he was armed) is irrelevant; the question is what appellant intended. *Commonwealth v. Barnett*, 253 Pa.Super. 39, 384 A.2d 965 (1978). Judge KREMER could further reasonably find that appellant intended to put Hinds in fear of "imminent serious bodily injury." Serious bodily injury is

[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

18 Pa.C.S.A. § 2301.

A reasonable person, accosted in his car at 4:00 a. m. on the street, will quite likely fear that such an injury is imminent. Appellant will be held to have intended such a foreseeable consequence of his actions, especially since appellant's friend was simultaneously threatening Hinds with a knife on the other side of the car.*

Affirmed.

---

* It should be emphasized that our finding of culpability is not based on a finding of conspiracy under 18 Pa.C.S.A. § 903, since Judge KREMER found that there was no conspiracy. N.T. 73. Nor is it based on accomplice culpability under 18 Pa.C.S.A. § 306. It is possible that appellant could be criminally liable for Boyle's actions under § 306, but Judge KREMER's finding of no conspiracy could be read to preclude such liability. Since in any case the evidence is sufficient without § 306, we decline to consider that section. Thus, while appellant is not criminally liable for Boyle's threats, Boyle's actions may nevertheless be taken into account as part of the circumstances known to appellant as he himself confronted Hinds.