421 A.2d 1159

**COMMONWEALTH of Pennsylvania,**

v.

**Richard L. BEATTY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Filed Aug. 22, 1980.

Emil M. Spadafore, Jr., Meadville, for appellant.

Robert S. Bailey, Assistant District Attorney, Meadville, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

Appellant is appealing his conviction for Driving While Intoxicated on the basis of non–compliance with the procedural requirements of the then–in–effect § 1204(a) of the Motor Vehicle Code, Act of April 29, 1959, P.L. 58, § 1204; 75 P.S. 1204(a),[1] and various rules of criminal procedure.

During the early morning hours of September 18, 1976, appellant and a companion, Matthew Fairlamb, were involved in a car accident which resulted in the death of the driver of the other car. When Trooper Nydes, of the Pennsylvania State Police, arrived on the scene, appellant admit-

1. (a) Peace officers, when in uniform and displaying a badge or other sign of authority, may arrest, upon view, any person violating any of the provisions of this act; where the offense is designated a felony or a misdemeanor, or in cases causing or contributing to an accident resulting in injury or death to any person, and in all cases of arrest such peace officers shall forthwith make and file with the magistrate, before whom the arrested person is taken, a complaint setting forth in detail the offense, and at once furnish a copy thereof to the person arrested. A peace officer may, upon view or upon probable cause without a warrant, arrest any person violating section 1037 of this act in cases causing or contributing to an accident.
As amended 1974, July 20, P.L. 522, No. 177, § 2, imd. effective.

ted that he had been the other driver. Trooper Nydes later testified that he observed that appellant's eyes were glazed, his lips were cut, he spoke slowly and the officer detected a strong odor of alcohol. Based on these observations, the trooper concluded that appellant had been drinking. He was advised of his rights at the scene and was placed under arrest. Trooper Nydes then took appellant and Fairlamb to the State Police Barracks. There appellant gave a statement and consented to a breathalyzer resulting in a reading of .19; however, no charges were lodged against him at that time. He was then released without a criminal complaint having been issued or a preliminary arraignment held.[2] Thereafter, on September 28, 1976, a complaint was filed and a preliminary hearing was set for October 19, 1976. [On October 4, 1976, the passenger eyewitnesses, Fairlamb, was killed in an unrelated auto accident.] Trooper Nydes, at the October 19th hearing, failed to appear, and the charges were dismissed. A new complaint was filed on October 20, 1976, and a preliminary hearing set for November 12, 1976. On that date, appellant was arraigned, but again Trooper Nydes failed to appear, and the preliminary hearing was continued until December 16, 1976. At that time, the hearing did take place and appellant was held for court. Appellant was convicted, by a jury, of Driving Under the Influence, on March 18, 1977.[3] He was sentenced to six (6) months probation and to pay a fine of $300 as well as costs.

Appellant first alleges that 75 P.S. 1204(a) was violated because he was not brought before a magistrate following his arrest, and did not have a complaint immediately filed against him. He further complains that this is also a violation of Pa.R.Crim.P. 101 because the same procedure is contemplated by the rule. Our Supreme Court in *Commonwealth v. Levesque*, 469 Pa. 118 at 126, 364 A.2d 932 at 936 (1976) discussed the interplay between § 1204 and Rule 101 and

---

**2.** The State Police had been instructed by the President Judge of the County to proceed by summons procedure when a person from the county was arrested after office hours.

**3.** No Rule 1100 issue is presented in this appeal.

decided that "[t]he statute controls the grant of arrest power, and the rule, as far as its contemplation at the time, governs the means of instituting proceedings."

75 P.S. § 1204 was initially promulgated to allow peace officers the power to arrest, *on view* and without a warrant, any person violating any provision of the Motor Vehicle Code where the offense was designated a felony or a misdemeanor. The fact that the officer actually saw the crime being committed justified a warrantless arrest. The legislature, however, amended this section in 1974 to further include situations where "[A] peace officer may, upon view *or probable* cause without a warrant, arrest any person violating section 1037 [4] of this act in cases causing or contributing to an accident." [emphasis added]. 75 P.S. § 1204. This amendment specifically empowered an officer to arrest, without a warrant, an individual for driving while intoxicated even if that offense was not committed in his presence.[5] The logic behind this amendment was that many times an officer only arrives at the aftermath of a traffic accident involving an intoxicated driver, and therefore, in order to preserve the evidence, and determine blood alcohol level, it is imperative that the officer have the authority to make an immediate arrest.[6] Clearly the import of 75 P.S. § 1204 goes to the validity of the arrest, and not to the procedure following arrest. The section involving the necessity of peace officers, forthwith, making and filing with the magistrate, before whom the arrested person is taken, a complaint

4. Section 1037 of the former Vehicle Code provided in pertinent part: "It shall be unlawful for any person to operate a motor vehicle, tractor, street car or trackless trolley omnibus, while under the influence of intoxicating liquor or any narcotic drug or habit producing drug . . ."

5. See *Commonwealth v. Reynolds*, 256 Pa.Super. 259, 389 A.2d 1113 (1978); and *Commonwealth v. Meyer*, 247 Pa.Super. 326, 372 A.2d 850 (1977).

6. Several decisions prior to the 1974 amendment dealing with this precise set of facts found arrests to be invalid because the officer did not view the violation of driving while intoxicated even though the effects thereof were clearly apparent upon his arrival at the scene. See *Commonwealth v. Jacoby*, 226 Pa.Super. 19, 311 A.2d 666 (1973).

setting forth in detail the offense, and at once furnishing a copy thereof to the person arrested, though informational, is in fact nugatory in effect. Pa.R.Crim.P. 101, 130 and 140 govern the means for instituting proceedings in court cases.[7] "Indeed the comment to Rule 101 indicates that the former 75 P.S. § 1204(a) was suspended only in so far as it referred to the process of notification to a defendant of the charges filed against him under the Vehicle Code; that is the former information process." *Commonwealth v. Levesque*, supra, 469 Pa. at 126, 364 A.2d at 936 (1976).

With this in mind, we must examine whether criminal procedure rules have been violated with respect to the procedure followed in the instant case. Clearly Rule 101 merely authorized the arrest without a warrant procedure followed by Trooper Nydes, and we find no violation of the rule.

Rule 130 provides that an arrested defendant must be taken without unnecessary delay before the proper issuing authority where a complaint shall be filed against him and he shall be given an immediate preliminary arraignment. For an accused's rights to be violated under the provisions of this rule, three criteria must be met: (1) the delay must be unnecessary; (2) evidence that is prejudicial must be obtained; and (3) the incriminating evidence must be reasonably related to the delay. *Commonwealth v. Williams*, 455 Pa. 569, 319 A.2d 419, appeal after remand 476 Pa. 344, 382 A.2d 1202.[8] In the instant case, while there clearly was unnecessary delay, there was no evidence gathered pursuant to that delay, and appellant can assert no real prejudice occasioned thereby, therefore the delay, while clearly not condoned by this court, was in fact harmless. *Commonwealth v. Barnett*, 253 Pa.Super. 39, 384 A.2d 965 (1978). We further agree with the Commonwealth in that

7. Any inconsistency which may exist is resolved in favor of the criminal procedure rules. See Art. V, § 10(c) of the Pennsylvania Constitution.

8. Williams was decided under the former Pa.R.Crim.P. 118 which was renumbered as Rule 130, effective September 18, 1973.

even if a violation of Rule 130 is determined, the proper remedy is the suppression of the evidence reasonably related to the delay and not, as appellant seeks, the quashing of the charge against him.[9]

Appellant further alleges that he has been severely prejudiced by a violation of rule 140(f) in that, because his preliminary hearing was not scheduled earlier, the testimony of Matthew Fairlamb, the passenger in his car, was unavailable to him. However, appellant fails to recognize that "[T]he principal function of a preliminary hearing is to protect the individual against unlawful detention. The prosecution, therefore, has the burden of establishing 'at least

**9.** It is interesting to note that Rule 130 has recently been amended to specifically deal with the driving while intoxicated case and the Rule now reads:

RULE 130. PROCEDURE IN COURT CASES INITIATED BY ARREST WITHOUT WARRANT.

(a) *Except as provided in paragraph* (b), when a defendant has been arrested without a warrant in a court case, he shall be taken without unnecessary delay before the proper issuing authority where a complaint shall be filed against him and he shall be given an immediate preliminary arraignment.

(b) *When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority. In such event, a complaint shall be filed against the defendant and the case shall thereafter proceed as provided in Rules 102 and 110.*

NOTE: Formerly rule 118 and 118(a), adopted June 30, 1964; effective January 1, 1965, suspended effective May 1, 1970; revised January 31, 1970, effective May 1, 1970; renumbered September 18, 1973, effective January 1, 1974; *amended* December 14, 1979, *effective* April 1, 1980.

COMMENT: *Under the exception provided in paragraph (b), it is expected that the police will either promptly arrange for the defendant's release or, if it is necessary to detain the defendant, provide a preliminary arraignment. Prompt release allows, of course, for the administration of any sobriety tests pursuant to the Vehicle Code, Act of June 17, 1976, P.L. 162, No. 81, § 1547, 75 Pa.C.S. § 1547. Appropriate circumstances for following the procedure under paragraph (b) may vary. However, among the factors that may be taken into account are whether the defendant resides in the community and whether he can safely be released without danger to himself or others.*

*With respect to "necessary" delay, see, e. g., Commonwealth v. Williams, 484 Pa. 590, 400 A.2d 1258 (1979).*

prima facie that a crime has been committed and the accused is the one who committed it.' [Emphasis and citation omitted] . . . the prosecution must establish 'sufficient probable cause' that the accused has committed the offense." *Commonwealth v. Prado,* 481 Pa. 485 at 489, 393 A.2d 8 at 10 (1978). Instantly, not only was appellant at no time detained unlawfully; but also, the Commonwealth, through the testimony of Trooper Nydes, and the results of the breathalyzer test could clearly establish a prima facie case sufficient to hold appellant for trial. The missing witness' alleged testimony would have been irrelevant at the preliminary hearing and of uncertain help at later trial. Mere delay in the scheduling of a preliminary hearing does not mandate a discharge of a defendant who is not in custody and who cannot establish concrete prejudice. *Commonwealth v. DeCosey,* 246 Pa.Super. 412, 371 A.2d 905 (1977).

The judgment of sentence is affirmed.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.