J. S06031/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARYL TAYLOR, | : | |
| | : | |
| Appellant | : | No. 619 EDA 2014 |

Appeal from the Judgment of Sentence February 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0012608-2013

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED FEBRUARY 06, 2015**

Appellant, Daryl Taylor, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County. He challenges the sufficiency of the evidence regarding the criminal intent for his bench convictions for aggravated assault by physical menace against a parking enforcement officer[1] and simple assault.[2] We affirm.

The trial court summarized the trial evidence, viewed in the light most favorable to the Commonwealth, as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(6), (c)(22).

[2] 18 Pa.C.S. § 2701(a)(3).

Eddie Evans [("Complainant")], a Philadelphia Parking Authority Police Officer[,] was on duty, in uniform, on September 21, 2013. [N.T. Trial, 2/12/14, at 8, 10]. At about 10:15 p.m.[,] he was making his rounds of the parking garage on Second Street, between Sansom and Walnut Streets in Philadelphia. [*Id.* at 9]. He encountered [Appellant] and another man who were bedding down in the garage. He told them they could not stay there. [*Id.* at 11].

[Appellant] became belligerent when told he had to leave, telling the officer to make him, then coming toward the officer with a blade in his hand. [*Id.* at 12, 13, 14]. [Appellant] had two inches of the blade displayed, with his hand coming towards the officer. [*Id.* at 16, 52]. [Appellant] was holding the blade in his right hand, slightly behind his him [sic], making a forward motion toward the officer as he approached the officer. [*Id.* at 17]. [Appellant] approached to within inches of the officer. [*Id.* at 14]. During this time[, Appellant] repeatedly told the officer he was going to kill him. [*Id.* at 15, 17, 34-35, 36]. As the officer backed away, [Appellant] continued to come toward the officer. [*Id.* at 18].

The wind blew [Appellant's] hood into his face, enabling the officer to grab [Appellant] and push him away to the outside[, d]uring which time the officer fell. [Appellant] came back around, at which time the officer called for help on his radio, because he was fearful of being cut or stabbed with the knife. [*Id.* at 12, 18].

United States Park Ranger Manchester[3] responded to the scene, arrested [Appellant,] and recovered an eight[-]inch butter knife from his bag. [*Id.* at 41].

Trial Ct. Op., 5/28/14, at 2-3.

The bench trial commenced on February 12, 2014, at which both Complainant and Appellant testified. Robert Gill, a Philadelphia Parking Authority employee, also testified as a rebuttal witness for the

---

[3] The park ranger's first name was not readily apparent in the record.

Commonwealth. The trial court found Appellant guilty of the following: aggravated assault, a felony of the second degree; possessing instruments of crime,[4] a misdemeanor of the first degree; terroristic threats,[5] a misdemeanor of the first degree; and simple assault, a misdemeanor of the second degree. Immediately thereafter, the trial court sentenced Appellant on the aggravated assault charge to nine to twenty-three months' imprisonment with immediate parole to an in-patient facility, followed by a consecutive sentence of three years' probation. The trial court merged the simple assault sentence and did not impose sentences for the other convictions.

On February 21, 2014, Appellant filed a "Motion for Reconsideration, Arrest of Judgment, and/or New Trial," arguing the verdict was against the weight of the evidence. The trial court denied this motion the same day without a hearing, but amended Appellant's sentence to include a waiver of probation and supervision fees.

Appellant filed a timely notice of appeal on February 24, 2014. After obtaining an extension of time, he filed a timely court-ordered Pa.R.A.P. 1925(b) statement of matters complained of on appeal on May 7, 2014. On May 28, 2014, the trial court issued its opinion.

---

[4] 18 Pa.C.S. § 907(a).

[5] 18 Pa.C.S. § 2706(a)(1).

Appellant presents one issue on appeal for our review: the sufficiency of evidence for his aggravated assault and simple assault convictions. He argues the evidence was insufficient to prove he attempted to put Complainant in fear of imminent serious bodily injury by physical menace. Although he concedes that he threatened the officer and walked toward him, he contends "the facts established that [A]ppellant never brandished what was a butter knife, nor attempted to assault the officer in any way." Appellant's Brief at 7. Appellant further claims "[h]e never touched or attempted to touch the complainant physically." *Id.* at 10. We disagree.

The standard of review for a sufficiency of the evidence challenge is well-established:

> A claim challenging the sufficiency of the evidence presents a question of law. We must determine "whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt." We "must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict."

> Our Supreme Court has instructed:

> [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing

> upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fortune*, 68 A.3d 980, 983-84 (Pa. Super. 2013) (internal citation omitted) (quoting *Commonwealth v. Thomas*, 65 A.3d 939, 943 (Pa. Super. 2013)).

The Pennsylvania Crimes Code provides: "A person is guilty of aggravated assault if he . . . attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury." 18 Pa.C.S. § 2702(a)(6). Subsection (c) includes parking enforcement officers. 18 Pa.C.S. § 2702(c)(22). The Crimes Code also provides: "A person is guilty of assault if he . . . attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S. § 2701(a)(3). The Crimes Code further defines "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfiguration, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

As the trial court noted, the elements of aggravated assault under Section 2702(a)(6) and simple assault under Section 2701(a)(3) differ only in that the aggravated assault subsection requires the victim to be one of twenty-seven enumerated "officers, agents, or employees." *See* Trial Ct. Op. at 4-5 & n.2; *Commonwealth v. Repko*, 817 A.2d 549, 554 (Pa.

Super. 2003).[6]

The Commonwealth must present the following elements to prove the crime of **simple** assault by physical menace under Section 2701(a)(3):

> (1) that the defendant attempted to put the [victim] in fear of imminent serious bodily injury, and took a substantial step toward that end, (2) that the defendant used physical menace to do this, and (3) that it was the defendant's conscious object or purpose to cause fear of serious bodily injury.

***Commonwealth v. Little***, 614 A.2d 1146, 1151 (Pa. Super. 1992).[7]

This Court adopted these elements to prove the crime of **aggravated** assault by physical menace of an officer under Section 2702(a)(6). ***Repko***, 817 A.2d at 554. Moreover, "[i]ntent can be proven by circumstantial

---

[6] In ***Commonwealth v. Matthews***, 870 A.2d 924 (Pa. Super. 2005) (*en banc*), an *en banc* panel of this Court overruled ***Repko*** to the extent it "[stood] for the proposition that the Commonwealth presented insufficient evidence of the defendant's intent [for a Section 2702(a)(1) aggravated assault conviction], as a matter of law, where the defendant does not avail himself of the opportunity to follow through with the threats." ***Id.*** at 933. Upon further review, our Supreme Court agreed with this Court's disapproval of ***Repko*** on this issue, but concluded "there [was] no need to overrule" ***Repko*** because it adhered to ***Commonwealth v. Alexander***, 383 A.2d 887 (Pa. 1978). ***Commonwealth v. Matthew***, 909 A.2d 1254, 1258 (Pa. 2006) (citing ***Alexander***, 383 A.2d at 889 (creating totality of circumstances test and factors to determine whether defendant possessed intent to inflict serious bodily injury). This distinction does not apply in the case *sub judice* as Appellant was found guilty of aggravated assault under Section 2702(a)(6). We further note the Supreme Court's observation that although it spelled the defendant's name "Matthew," the Superior Court spelled it "Matthews." ***Matthew***, 909 A.2d at 1256 n.1.

[7] This statement was a part of the trial court's opinion, expressly adopted and attached as an appendix in ***Little***. ***Little***, 614 A.2d at 1148.

evidence and may be inferred from the defendant's conduct under the attendant circumstances." *Id.*

In **Repko**, a police officer arrived at the defendant's home in response to an ongoing verbal and physical altercation. *Id.* at 551. The defendant emerged from his home with one arm around his fiancée's neck and the other carrying a shotgun. *Id.* The police officer "announced himself as an officer and ordered [the defendant] to drop his weapon." *Id.* The defendant did not comply, and instead raised and pointed his shotgun at the officer. *Id.* The officer repeated his command, at which point the defendant released the woman and carried his gun back inside his house. *Id.* at 551-52. The defendant "later re-emerged without the gun and was taken into custody without a struggle." *Id.* at 552. At trial, the officer testified he "was very scared" and "felt like [his] life was in jeopardy." *Id.* at 554.

A jury convicted the defendant of, *inter alia,* aggravated assault by physical menace of a police officer under Section 2702(a)(6). *Id.* at 552. On appeal, he challenged the sufficiency of the evidence to support the requisite intent for this crime. *Id.* at 553. The defendant argued, *inter alia*, he did not intend to place the officer in fear and that his shotgun was neither loaded nor pointed directly at the officer. *Id.*

This Court affirmed. We applied **Little's** discussion of the sufficiency of evidence for simple assault by physical menace. *Id.* at 555. We concluded the defendant's actions of raising and pointing his shotgun at the

officer demonstrated intent to place the officer in fear of serious bodily injury. *Id.* This Court noted there was no evidence in the record indicating the defendant "had any lawful intention when he raised his weapon in response to the officer's directive to drop it." *Id.*

In the instant case, the trial court, who sat as the finder of fact, examined the totality of the circumstances in concluding Appellant intended to place Complainant in fear of serious bodily injury by physical menace:

> Here, the relevant conduct consisted of [Appellant] coming toward the officer with a blade displayed in his hand (N.T. [at] 12, 13, 14), with his hand coming towards the officer ([*id.* at] 16), making a forward motion with the blade toward the officer as he approached the officer ([*Id.* at] 17) to within inches ([*id.* at] 14), [and] continuing to come toward the officer as he backed away. [*Id.* at] 18. The relevant words were that [Appellant] repeatedly told the officer he was going to kill him. [*Id.* at] 15, 17, 34-35, 36. We also note that [Appellant] did not voluntarily cease his conduct. Rather, wind blew [Appellant's] hood into his face, enabling the officer to grab him and push him away to the outside. [*Id.* at] 12, 18. During which time the officer fell. [Appellant] came back around, at which time the officer called for help on his radio, because he was fearful of being cut or stabbed with the knife. [*Id.* at] 12, 18.[ ]

Trial Ct. Op. at 6.

Appellant's use of a knife, rather than a shotgun, does not warrant a different conclusion than we reached in *Repko* and *Little*, because a knife may similarly place someone in fear of serious bodily injury. *See* ***Commonwealth v. Diamond***, 408 A.2d 488, 489-90 (Pa. Super. 1979) (finding sufficient evidence to sustain simple assault by physical menace

conviction where defendant approached and gripped door handle of victim's car at 4:00 a.m., "especially since [defendant's] friend was simultaneously threatening [the victim] with a knife on the other side of the car"); **see also** N.T. Trial at 49 (Appellant denying he had butter knife at time of incident and testifying, "If I was expecting trouble, I think a butter knife is a pure choice of weapon.").

Appellant's claim that he "never pulled the knife from his sleeve or brandished the knife in any way," is belied by the record. **See** Appellant's Brief at 10. As noted by the trial court, Complainant testified that Appellant "had two inches of the blade displayed, with his hand coming towards the officer." Trial Ct. Op. at 2-3 (citing N.T. at 16, 52). The jury was tasked with weighing the credibility of this testimony and was free to believe all, part, or none of this evidence. **See Fortune**, 68 A.3d at 984. Furthermore, Appellant's argument that he "never touched or attempted to touch the Complainant physically" is without merit. **See** Appellant's Brief at 10. Neither the aggravated assault by physical menace statute nor simple assault statute require a defendant to attempt to touch or to actually touch his victim. **See** 18 Pa.C.S. §§ 2701(a)(3), 2702(a)(6).

Based on the foregoing, we discern no merit to Appellant's argument that the evidence is not sufficient to sustain his convictions for aggravated assault by physical menace against an officer and simple assault. Rather, the evidence supports the trial court's determination that Appellant intended

to place the parking enforcement official in fear of serious imminent bodily injury.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2015