**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2824
_____

UNITED STATES OF AMERICA

v.

ROBERTO MAGOBET,
Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(District Court No. 3-22-cr-00206-001)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on June 5, 2024
_____

Before:  CHAGARES, Chief Judge, CHUNG, and FISHER, Circuit Judges

(Filed August 1, 2024)
_____

OPINION[1]
_____

CHUNG, Circuit Judge.

In 2022, Defendant Roberto Magobet was indicted for one count of possession

---

[1]     This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He pleaded guilty without a plea agreement on March 6, 2023. At sentencing, the District Court determined that Magobet was a career offender under U.S.S.G. § 4B1.1(a) based on two prior Pennsylvania felony convictions for: (1) simple assault by physical menace, 18 Pa. Cons. Stat. § 2701(a)(3); and, (2) possession with intent to deliver a controlled substance ("PWID"), 35 Pa. Stat. § 780-113(a)(30). With the career-offender enhancement, the District Court calculated Magobet's Guidelines sentencing range as 262 to 327 months' imprisonment. However, after considering the sentencing factors set forth in 18 U.S.C. § 3553(a), it sentenced Magobet to 180 months. Magobet appeals his career-offender classification, arguing that neither state conviction is a predicate offense for the career-offender sentencing enhancement. Because we see no error in the District Court's classification, we will affirm.[2]

Section 4B1.1 of the Sentencing Guidelines contains a sentencing enhancement for individuals who qualify as career offenders. A person is a career offender under the Guidelines if (1) he was at least eighteen years old at the time he committed the crime at issue; (2) the crime is a felony crime of violence or controlled substance offense; and (3) the defendant has at least two prior felony crime of violence or controlled substance

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "Whether a conviction constitutes a predicate career offender offense under the Guidelines is a question of law subject to plenary review." United States v. Womack, 55 F.4th 219, 236 (3d Cir. 2022), cert. denied sub nom. Whitehead v. United States, 144 S. Ct. 1012 (2024). "We review unpreserved objections for plain error." United States v. Dawson, 32 F.4th 254, 258 (3d Cir. 2022) (citation omitted).

offense convictions. U.S.S.G. § 4B1.1(a). Magobet challenges the third element here. He argues that his simple assault conviction is not a crime of violence and that his PWID conviction is not a controlled substance offense as those crimes are defined by the Sentencing Guidelines. We reject both arguments.

"To determine whether a prior conviction qualifies as a predicate [act], courts use the categorical approach or, when applicable, the modified categorical approach." United States v. Ramos, 892 F.3d 599, 606 (3d Cir. 2018). Both approaches require that "[w]e consider only the elements of the crime of conviction and assess whether they fall within the bounds of a crime of violence or controlled substance offense, as defined under the Guidelines." United States v. Williams, 898 F.3d 323, 333 (3d Cir. 2018). "If the statute proscribes a broader range of conduct than the Guideline[s], then a conviction for the state offense will not count as a [crime of violence or] controlled substance offense," and an individual will not qualify as a career offender. United States v. Dawson, 32 F.4th 254, 260 (3d Cir. 2022). In conducting this analysis, courts must "ignore the actual manner in which the defendant committed the prior offense" and "presume that the defendant … engag[ed] in no more than the minimum conduct criminalized by the state statute." Ramos, 892 F.3d at 606 (quotations omitted).

We first analyze whether Magobet's simple assault conviction is a crime of violence. As relevant here, a crime of violence is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that … has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Applying that standard to § 2701(a)(3), "we ask whether the use,

attempted use, or threatened use of physical force against another person is categorically" one of the statute's elements. Ramos, 892 F.3d at 606. A person is guilty of assault under § 2701(a)(3) if he "attempts by physical menace to put another in fear of imminent serious bodily injury." This is simply another way of describing a threat of physical force, meaning that the "threatened use of physical force against another person is categorically" an element of § 2701(a)(3). Ramos, 892 F.3d at 606. Because the only way an individual can be convicted under § 2701(a)(3) is by showing that he threatened to use physical force against another individual, it is no broader than U.S.S.G. § 4B1.2(a)(1) and is therefore a crime of violence.

We reached a similar conclusion in Singh v. Gonzales, 432 F.3d 533 (3d Cir. 2006). There, we considered whether § 2701(a)(3) is a crime of violence under 18 U.S.C. § 16(a), which uses nearly identical language to U.S.S.G. § 4B1.2(a)(1) to define a crime of violence as that term is used in various federal offenses.[3] We explained that the term crime of violence "plainly encompasses the term 'physical menace' in § 2701(a)(3)" because physical menace "refers to physical acts committed to threaten another with corporeal harm." Id. at 539. We reasoned that we could not "reasonably conceive of a situation wherein … an act of 'physical menace,' intended to place another in fear of imminent serious bodily injury, would not, at the very least, constitute the attempted or

_____

[3]     A crime of violence under 18 U.S.C. § 16 is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Its only difference from U.S.S.G. § 4B1.2(a)(2) is that it includes certain offenses against property.

4

threatened use of physical force." <u>Id.</u> at 540. Given that 18 U.S.C. § 16 and U.S.S.G. § 4B1.2(a)(1) use substantially the same terminology to define a crime of violence, <u>Singh</u> is controlling here.

Magobet argues that <u>Singh</u> was incorrectly decided because § 2701(a)(3) prohibits *attempted* threats of physical violence, including "non-violent attempt[s] to threaten," which "do[ ] not categorically require the Government to prove the use, attempted use, or threatened use of force." Opening Br. 12, 14. For example, he relies on <u>Commonwealth v. Diamond</u>, 408 A.2d 488, 489 (Pa. Super. Ct. 1979), where the defendant ran up to an off-duty police officer's car at a red light and attempted to open the locked door handle at 4 a.m., as well as <u>Commonwealth v. Padilla</u>, No. 1463 MDA 2020, 2021 WL 5926030, at *1 (Pa. Super. Ct. Dec. 15, 2021), where the unarmed defendant warned another individual not to "make me … pull this cannon out" while reaching toward his waistband. Magobet argues that <u>Diamond</u> and <u>Padilla</u> illustrate how § 2701(a)(3) can be violated through conduct that does not amount to a threat under U.S.S.G. § 4B1.2(a)(1). In his view, the defendants' actions in these cases are attempts to threaten, rather than actual threats.

His argument reveals a misunderstanding of what constitutes a threat of physical force under the Guidelines. The actions that Magobet has described, even if unsuccessful or unrealizable, communicate an intent to use physical force and are thus threats to do so all the same. That the locked door in <u>Diamond</u> prohibited the defendant from executing the threat does not negate the communication of the intended use of physical force against the officer when he attempted to open the locked car door. That the defendant in

5

Padilla did not actually have a gun when he verbally and physically communicated that he had one does not negate the substance of his message that he would use one against his victim. Because § 2701(a)(3)'s proscription against using physical menace to induce fear necessarily entails threatening some degree of physical force against another individual, it is a crime of violence and consequently a career-offender predicate offense.[4]

Magobet's Pennsylvania PWID conviction is also a predicate offense. A drug conviction qualifies as a controlled substance offense under U.S.S.G. § 4B1.1(a) if it is "punishable by imprisonment for a term exceeding one year" and "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b)(1). Section 780-113(a)(30), the statute under which Magobet was convicted, similarly prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance … ." We are bound by precedent holding that "§ 780-

---

[4]    Magobet argues that Singh was abrogated by the Supreme Court's decision in United States v. Taylor, 596 U.S. 845 (2022), which held that attempted Hobbs Act robbery is not a crime of violence under the Guidelines. An attempted Hobbs Act robbery requires the government to prove that "(1) [t]he defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a substantial step toward that end." Id. at 851 (quotations omitted). The Supreme Court reasoned that an attempted Hobbs Act robbery could be committed through a substantial step that does not involve the use, attempted use, or threatened use of force. Id. at 852. Taylor is not applicable here because, unlike attempted Hobbs Act robbery, a § 2701(a)(3) conviction requires the *actual use* of physical menace. Section 2701(a)(3) is akin to a *completed* Hobbs Act robbery, which requires "actual or threatened force[ ] or violence" to unlawfully "tak[e] or obtain[ ] … personal property" from another person. 18 U.S.C. § 1951(b)(1).

113(a)(30) does not sweep more broadly than § 4B1.2," and it is therefore a controlled substance offense that "may serve as a predicate offense to a career-offender enhancement under § 4B1.1." United States v. Glass, 904 F.3d 319, 324 (3d Cir. 2018); see also Dawson, 32 F.4th at 266–67.

Magobet argues that § 780-113(a)(30) is broader than U.S.S.G. § 4B1.2(b)(1) because it criminalizes offers to sell, while the Guidelines do not. This argument is subject to plain error review as Magobet failed to raise it to the sentencing court.[5] We previously rejected this argument in Glass, where we held that § 780-113(a)(30) does not criminalize offers to sell. 904 F.3d at 322. Magobet urges us to re-examine our holding in Glass based on a more recent, not-precedential Pennsylvania Superior Court case, Commonwealth v. Walker, No. 222 EDA 2021, 2021 WL 5314436, at *6 (Pa. Super. Ct. Nov. 16, 2021), which rejected our holding in Glass and instead concluded that § 780-113(a)(30) does, in fact, criminalize offers to sell. Absent intervening controlling authority, however, "the holding of a panel in a precedential opinion is binding on subsequent panels." 3d Cir. I.O.P. 9.1 (2023). A not-precedential decision issued by an intermediate state court is not binding even on that same court, much less upon this Court. United States v. Harris, 68 F.4th 140, 144 n.2 (3d Cir. 2023) (explaining that "federal courts are bound by a state's *highest* court's interpretation" of state law) (emphasis added)); see also Pa. Super. Ct. R. 65-37(b) ("Non-precedential decisions … may be cited for their persuasive value."). We are instead bound by Glass and

---

[5]    We note Magobet's argument fails even under de novo review.

accordingly conclude that Magobet's § 780-113(a)(30) conviction is a controlled substance offense under the Guidelines.[6]

Because Magobet's simple assault and drug trafficking convictions are predicate offenses under the Sentencing Guidelines, the District Court did not err in classifying him as a career offender.  We will therefore affirm the judgment below.

---

[6]     Magobet also argues that Pennsylvania's definition of methamphetamine, the controlled substance that is the basis for his § 780-113(a)(30) conviction, is broader than the federal Controlled Substance Act's definition.  He concedes that this argument is precluded by our decision in United States v. Lewis, 58 F.4th 764, 768–69 (3d Cir. 2023).